UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLE DESIGN LTD., a British Virgin Islands limited company, doing business as LEAP FITNESS<br><br>Plaintiff,<br>vs.<br><br>CANDYMOBI INFORMATION TECHNOLOGY CO., a Hong Kong company, BEIJING AIPU CENTURY TECHNOLOGY CO., a China company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 3:19-cv-05501-VC<br>Hon. Judge Vince Chhabria<br>**ORDER [~~PROPOSED~~]**<br><br>Date: November 14, 2019<br>Time: 10:00 a.m.<br>Trial Date: None set |

Plaintiff Simple Design Ltd. has filed an administrative motion for leave to take limited discovery prior to a Rule 26(f) conference. (*Docket No. 13*.)

Plaintiff seeks to obtain physical addresses and information regarding the named Defendants and to identify the Doe defendants named in the Verified Complaint (*Docket No. 1*), each of whom are allegedly responsible for Federal Trademark infringement, violation of the Lanham Act and unfair competition occurring as the result of their

unauthorized display and distribution of two or more software applications designed for women's health and fitness, being published via the Google Play Store at www.play.google.com/store.

In support of its Motion, Plaintiff has filed the Declaration of Stephen L. Anderson which has advised this Court that after mailing a copy of the Summons and Complaint in this action to Defendant Candymobi Information Technology Co. in Hong Kong, that all of the Defendant's contact information, including its physical address has been removed from the corresponding website, namely, www.candymobi.com. (*Docket Nos. 11-1 and 12-1 at paragraph 4*).

Plaintiff has also filed printouts from the Google Play Store identifying each of the allegedly infringing software applications. (*Exhibits to Anderson Declaration - Docket Nos. 11-2 and 12-2.*) As is shown within such Exhibits:

-lecongnama9x@gmail.com is the e-mail address listed on the Google Play Store for the developer "Candyapps Studio" related to the software application entitled: "*Women workout – 30 day fitness app for weight loss*", alleged as "App Icon 1" and "Infringing App. 1" at paragraphs 8, 8(1), 24, 25 and elsewhere within Plaintiff's Verified Complaint (Document No. 1);

-senia455641@gmail.com is the e-mail address listed on the Google Play Store for the developer "Super Fitness App" related to the software application entitled: "*Workout for women - Female Fitness to lose weight*", alleged as "App Icon 2" and "Infringing App. 2" at paragraphs 8, 8(2), 27 and elsewhere within the Verified Complaint; *Id.* and

-seniawang0917@gmail.com is the email address listed on the Privacy Policy for the developer on the Google Play Store https://policyworkoutforwomen.weebly.com/. (*Anderson Decl. ¶8*)

Plaintiff requests leave to serve a Rule 45 subpoena on third-party source, Google, Inc. ("Google"). Finding good cause for the motion

For the reasons set forth in this order, the Court GRANTS plaintiff leave to serve subpoenas on Google.

I. **Google email addresses and developer account information**

Plaintiff seeks leave to serve a subpoena on Google in order to obtain the account information including the names and address for three email addresses, namely: lecongnama9x@gmail.com, senia455641@gmail.com, and seniawang0917@gmail.com and further seeks account information and log-in information for the Google Play developer accounts "Candyapps Studio" and "Super Fitness App".

Rule 26(d) provides, in part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except [...] when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery is appropriate under Rule 26(d) when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *UMG Recordings, Inc. v. Does 1–4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr.19, 2006). "Courts have recognized that good cause is frequently found in cases involving

claims of infringement and unfair competition." Id.; *Semitool, Inc.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Plaintiff argues that it meets the four factors to show good cause laid out in *Columbia Ins. Co. v. Seescandy.com.* 185 F.R.D. 573, 587-80 (N.D. Cal. 1999). These factors include identifying with sufficient specificity defendant(s) as individuals who can be sued in federal court, recounting all steps taken to locate and identify defendant(s), showing the action could survive a motion to dismiss, and justifying the specific discovery request as reasonably likely to lead to identifying information that will permit service of process. *Id.*

The Court has reviewed plaintiff's papers and supporting documents and finds that plaintiff has established good cause to take early discovery. Accordingly, the Court orders as follows:

IT IS HEREBY ORDERED:

1. Plaintiff is allowed to serve immediate discovery on Google, Inc. ("Google") in order to obtain the identity of the named Defendants and any additional Doe defendants listed in plaintiff's Verified Complaint by serving a Rule 45 subpoena on Google that seeks documents sufficient to identify the account information for the email addresses: lecongnama9x@gmail.com, senia455641@gmail.com, and seniawang0917@gmail.com, and the developer accounts "Candyapps Studio" and "Super Fitness App", including the name, address and telephone number of the owner(s) of these email addresses and the

IP address(es) from which the user(s) created the account and signed in and signed out, with dates and times.

2. IT IS FUTHER ORDERED that plaintiff's counsel shall issue a subpoena in substantially the same form as the example attached as Exhibit A to Plaintiff's Administrative Motion for Leave to Take Limited Discovery on Google, Inc. Prior to a Rule 26 Conference, with the subpoena including a copy of this Order.

3. IT IS FURTHER ORDERED that Google will have 21 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. Google may serve the entities and persons using any reasonable means, including written notice sent to the entity's or person's last known address, transmitted either by first-class mail, electronic mail or overnight service.

4. IT IS FURTHER ORDERED that each such entity and person and Google will have 30 days from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without the entity contesting the subpoena, Google shall have 10 days to produce to plaintiff the information responsive to the subpoena with respect to that entity.

5. IT IS FURTHER ORDERED that, because no appearance by a person at a deposition is required by the subpoena, instead only production of documents, records and the like is required, the witness and mileage fees required by Rule

45(b)(1) of the Federal Rules of Civil Procedure do not apply and no such fees need be tendered.

6. IT IS FURTHER ORDERED that Google shall not assess any charge to the plaintiff in advance of providing the information requested in the subpoena, and that if Google elects to charge for the costs of production, Google shall provide to plaintiff a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by Google.

7. IT IS FURTHER ORDERED that Google shall preserve all subpoenaed information pending its delivering such information to plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

IT IS SO ORDERED.

_____
Hon.
US DIS

Dated: December 16, 2019

*APPROVED*
*Judge Vince Chhabria*