UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLE DESIGN LTD., <br><br> Plaintiff, <br><br> v. <br><br> CANDYMOBI INFORMATION TECHNOLOGY CO., et al., <br><br> Defendants. | Case No. 19-cv-05501-VC <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 27 |

Simple Design brought this lawsuit alleging that the defendants were violating the Lanham Act by selling women's fitness apps using infringing app icons in the Google Play store. This Court previously granted Simple Design's motion for alternative service by email, and for early discovery from Google. The defendants have not appeared, and on February 3, 2020, the Clerk entered default. Simple Design now moves for a default judgment on its trademark infringement and false designation of origin claims. The motion is granted.

1. It appears, on the current record, that personal jurisdiction exists over the defendants. *See Axiom Foods Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017); *see also In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

2. Whether to enter a default judgment is a discretionary decision guided by the factors

set out in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).[1] These factors support entering a default judgment for Simple Design.

An important *Eitel* factor is the merits of the plaintiff's substantive claim, which in this case requires yet another multi-factor analysis. *See AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir. 1979).[2] Simple Design must show, through application of the *Sleekcraft* factors, that the defendants' use of the allegedly infringing app icons "creates a likelihood that the consuming public will be confused as to who makes what product." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (quotation omitted). Accepting the facts in the complaint as true, that standard is met here. The defendants' marks are strikingly similar to Simple Design's registered trademarks. The mark described in the complaint as "Defendant's App Icon 1" is almost a mirror image of one of Simple Design's marks. *See* Complaint ¶ 8 (Dkt. No. 1). And "Defendant's App Icon 2" is also extremely similar to Simple Design's marks. *Id.* The defendants' marks are used to directly compete with Simple Design: they are the icons for women's fitness mobile phone apps (similar to the apps marketed with Simple Design's trademarks) on the Google Play store (where Simple Design also sells its apps). *See* Complaint ¶¶ 9, 22; *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1150 (9th Cir. 2011). Simple Design also alleges that it is the market leader in its category, which lends strength to its marks. *See* Complaint ¶¶ 2, 8, 42; *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de*

---

[1] The *Eitel* factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

[2] The *Sleekcraft* factors are: (1) the similarity of the marks; (2) the relatedness of the two companies' services; (3) the marketing channel used; (4) the strength of the plaintiff's mark; (5) the defendant's intent in selecting its mark; (6) evidence of actual confusion; (7) the likelihood of expansion into other markets; and (8) the degree of care likely to be exercised by purchasers. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000).

*C.V.*, 762 F.3d 867, 874–75 (9th Cir. 2014). And Simple Design alleges (albeit formulaically) that some consumers have in fact been misled. *See* Complaint ¶ 32. On these facts, Simple Design has established that the defendants have violated and continue to violate the Lanham Act.

On the whole, the other *Eitel* factors similarly support the entry of a default judgment. In particular, Simple Design will be prejudiced in the absence of a default judgment, especially given the evidence that the defendants are purposefully avoiding any contact or communication with Simple Design. *See* Dkt. No. 11-1.

3. Simple Design is entitled to a permanent injunction prohibiting the defendants from continuing to use the infringing marks. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Per Simple Design's proposed order: The defendants, and their officers, agents, servants, affiliates, employees, and attorneys, and all persons in active concert or participation with them, are permanently enjoined and restrained, directly or indirectly, from using, displaying, advertising, selling, distributing, and promoting, including on or in connection with any mobile software applications or other products, services, promotional items, signage, or website, any mark that consists of or is otherwise confusingly similar to the Simple Design marks or otherwise authorizing or procuring any persons to do so.

4. In contrast, Simple Design hasn't shown that it is entitled to damages. Simple Design requests statutory damages on the basis that the defendants' marks qualify as counterfeits. But the defendants' marks are not "substantially indistinguishable" from Simple Design's marks. *See* 15 U.S.C. § 1116(d)(1)(B)(ii). The marks are clearly different—the figures face different directions, and have slightly different details—and they are also placed in proximity to the respective app developers' names, which are dissimilar. *See* Dkt. No. 38 at 4–5; *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, 2016 WL 7479317, at *5–7 (C.D. Cal. Dec. 29, 2016). As for

actual damages, Simple Design has provided evidence that the defendants' apps have been downloaded over 500,000 times, but provides no declaration or even argument regarding how this fact supports a calculation of actual damages. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408–09 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1085 (C.D. Cal. 2012). Furthermore, to the extent Simple Design seeks damages based on the defendants' profits, such damages usually require evidence of willful infringement, which Simple Design has not submitted (other than conclusory allegations in its complaint). *See Lindy Pen Co.*, 982 F.2d at 1405; *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1073–74 (9th Cir. 2015).

     5. Simple Design, the prevailing party, is entitled to an award of attorney's fees. *See Fifty-Six Hope Rd. Music*, 778 F.3d at 1078. Given the clear Lanham Act violation, the difficulty Simple Design faced in bringing this litigation against elusive defendants, and the need for deterrence, the Court finds that this case is "exceptional" and that Simple Design's requested fees are reasonable. *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016). Simple Design is awarded $27,278.75 in attorney's fees and $1,825.55 in costs. *See* 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d).

     Simple Design is ordered to serve this order and the accompanying judgment upon the defendants and file proof of service to that effect within seven days of this order.

     **IT IS SO ORDERED.**

Dated: July 2, 2020

_____
VINCE CHHABRIA
United States District Judge